FILED

July 1 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0612

DA 14-0612

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 190N

ANGELA E. HELVEY,

      Plaintiff and Appellant,

  v.

MONTANA EDUCATION ASSOCIATION,
MONTANA FEDERATION OF TEACHERS,

      Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV-2013-463
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Angela E. Helvey, self-represented, Wyola, Montana

      For Appellee:

      Richard A. Larson, Larson Law Office, Helena, Montana

Submitted on Briefs:  June 3, 2015
Decided:  July 1, 2015

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Angela Helvey appeals the First Judicial District Court's dismissal of her complaint against MEA-MFT as untimely. The court determined that Helvey's complaint sounded in tort and that a three-year statute of limitations applied to her claim. The issue on appeal is whether Helvey filed her complaint against the union within the applicable period of limitations. We affirm the District Court's judgment, but on the basis of a different statute.

¶3    Helvey was hired as a special education teacher for the School District of Belfry, Montana, in September 2009. Following a meeting between school officials and Helvey on December 7, 2009, attended by a MEA-MFT union field consultant, the School District terminated her contract. The parties signed a handwritten memorandum of understanding at the meeting, which stated that Helvey would be paid her salary through December 22, 2009, and that the School District would not contest any application for unemployment benefits that Helvey might pursue. In exchange, Helvey executed an irrevocable resignation from the Belfry School to be effective at the close of business on December 7, 2009.

2

¶4 Helvey filed a complaint against MEA-MFT on June 25, 2013, alleging various acts of wrongdoing by the union field representative. MEA-MFT moved for summary judgment on the ground that Helvey's complaint was barred by the statute of limitations.

¶5 The District Court ruled that Helvey's allegations sounded in tort because she alleged that the union representative did not properly advise her as to the consequences of her proffered resignation. The court reasoned that, although Helvey had a contract with the School District, her action against the union was not based on any contract. Rather, the complaint alleged that the union representative did not advise her properly as to the consequences of her resignation. The court determined that Helvey claimed breach of a legal duty imposed by law, not of a duty imposed by contract. Accordingly, the District Court applied the limitation period for tort actions set forth in § 27-2-204, MCA, which prescribes a three-year limitation "upon a liability not founded upon an instrument in writing . . . ." We review the District Court's ruling de novo. *Allstate Ins. Co. v. Posnien, Inc.*, 2015 MT 162, ¶ 11, ___ Mont. ___, ___ P.3d ___.

¶6 Helvey asserts that an eight-year period of limitations should govern her claim, as prescribed by § 27-2-202, MCA, for actions "upon any contract, obligation, or liability founded upon an instrument in writing . . . ." She argues that the union had a contractual duty of competent representation and that it breached its duty to fairly represent her interests under the collective bargaining agreement.

¶7 The crux of Helvey's complaint against MEA-MFT is her claim that the union representative failed to exercise reasonable care to ensure Helvey's right to due process

3

and a buyout of her contract. Although her claim is couched in terms of "reasonable care," she plainly alleges breach of the union's duty of fair representation. Breach of a union's duty of fair representation occurs "when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S. Ct. 903, 916 (1967). The duty of fair representation arises from statute, as breach of the duty is an unfair labor practice in violation of the National Labor Relations Act. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 271, 129 S. Ct. 1456, 1473 (2009); *Teamsters, Local # 45 v. State*, 195 Mont. 272, 277-78, 635 P.2d 1310, 1313 (1981).

¶8 Helvey therefore is correct that her complaint does not sound in tort. She is incorrect, however, in her assertion that her complaint was timely filed. Montana's applicable statute of limitations for "a liability created by statute" is § 27-2-211(1)(c), MCA, which carries a limitation of two years. Helvey does not dispute the District Court's conclusion that any cause of action against MEA-MFT accrued in December 2009. Helvey's 2013 complaint was time-barred.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law. The District Court's grant of summary judgment to MEA-MFT is affirmed.

/S/ BETH BAKER

We concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE